**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-03728-RM

DISH NETWORK L.L.C.,

      Plaintiff,

v.

ARY DIGITAL USA LLC,
ARY DIGITAL UK LTD,
ARY TRADERS,
ARY SERVICES LIMITED,
ARY DIGITAL FZ LLC,

      Defendants.

_____

**ORDER GRANTING IN PART AND DENYING IN PART
DISH'S MOTION FOR PRELIMINARY INJUNCTION**
_____

The Court, having reviewed Plaintiff's motion for preliminary injunction (ECF No. 15) and Defendant ARY Digital USA LLC's ("ARY USA") response (ECF No. 35), and having held an evidentiary hearing on February 6, 2020, hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court incorporates its oral findings of fact and conclusions of law pronounced in open court today, including its determination that a preliminary injunction is warranted as to the wind-down period, as discussed below, to prevent immediate and irreparable injury, loss, and damage to Plaintiff.

The Court hereby enters the following preliminary injunction, which will take effect immediately upon entry.

Based on the implied-in-fact contract entered into by the parties, the "Term" of the parties' original agreements was extended beyond its scheduled expiration in February 2018. Accordingly, Plaintiff is entitled to a preliminary injunction against ARY USA until the end of the wind-down period established by the parties' earlier contracts, which is set forth in Section 11.1 of the ARY Digital Networks Agreement and Section 12.3 of the Zauq Agreement. *See Black Card, LLC v. Visa U.S.A., Inc.*, 766 F. App'x 583, 590 (10th Cir. 2019); *Agritrack, Inc. v. DeJohn Housemoving, Inc.,* 25 P.3d 1187, 1192 (Colo. 2001).

The Court finds that the wind-down period was triggered by termination of renewal negotiations on January 2, 2020, upon the filing of this action. Once the wind-down period was triggered, and Plaintiff was entitled to receive the programming services set forth in the parties' agreements for a period of twelve months. Accordingly, Plaintiff is entitled to a preliminary injunction that enforces its right to the programming services through the wind-down period, that is, until January 2, 2021, or until trial in this action, whichever is sooner.

During that wind-down period, ARY USA is enjoined from blocking, suspending, or otherwise ceasing the transmission of its five Urdu-language programming services to Plaintiff provided by the Affiliation Agreements, including the programming services related to the content on the channels known as ARY Digital, ARY One World, QTV, ARY Muzik, and ARY Zauq. This maintains the status quo with ARY USA providing such a signal. ARY USA must not shut off its programming services, nor may it cause any third parties to do so, until the end of the contractual wind-down period, or until trial in this action, whichever is sooner.

Pursuant to Fed. R. Civ. P. 65(c), Plaintiff will provide security in the amount of $750,000 by Wednesday, February 12, 2020, at noon.

The Court denies the requested injunction to enforce the exclusivity provisions of the parties' agreements. As explained in open court, Plaintiff has not met its burden of establishing irreparable harm which would stem from the exclusivity provisions not being enforced by the Court.

DATED this 10th day of February, 2020, at 10 a.m.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge